# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY J. THORNE, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12CV02193 ERW |
| | ) | |
| DENISE BROWN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 359521), an inmate at Eastern Reception, Diagnostic and Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $23.37. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), as plaintiff's allegations are barred by the five-year statute of limitations.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $116.83, and an average monthly balance of $2.12. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $23.37, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

## The Complaint

Plaintiff an inmate at Eastern, Reception, Diagnostic and Correctional Center ("ERDCC"), formerly incarcerated at St. Francois County Jail ("SFCJ"), seeks relief in this 42 U.S.C. § 1983 action against numerous named defendants: Denise Brown (Police Officer, Desloge Police Dept.); Unknown Malone (Macoupin County Sheriff's Dept.); Unknown Koese (Deputy, St. Francois County Sheriff's Dept.); Unknown Harris (Deputy, St. Francois County Sheriff's Dept.); Unknown Honey (Deputy, St. Francis County Sheriff's Dept.); Dan Bullock (Sheriff, St. Francois County Sheriff's Dept.); Wayne Williams (Public Defender); Charlton Chastain (Public Defender); Scott Thompson (Public Defender); Barbara Hoppe (Director, MO Public Defender's Office) and; Marty Robinson (Director, MO Public Defender's Office).

Plaintiff alleges that in November of 2002, defendant Brown came to see him at the Macoupin County Jail in Carlinville, Illinois, about an outstanding warrant from St. Francois County, Missouri.  He claims that defendant Brown conspired with defendant Malone, a deputy with the Macoupin County Sheriff's Department, to have "plaintiff attacked" and beaten so that he would confess to certain criminal charges.  Plaintiff claims that defendant Brown continued her threats and mistreatment of plaintiff even after she returned with plaintiff to St. Francois County Jail on or about November 18, 2002.  Plaintiff alleges that defendant Brown recruited defendants Koese, Harris,

Honey and Bullock's assistance in coercing and threatening plaintiff, even going so far as to have plaintiff attacked by other inmates, until he made a "bogus videotape confession" on or about the end of November in 2002. In all, plaintiff alleges that he was beaten in SFCJ such that he lost about 80% of the eyesight in his right eye, had tissue damage on the right side of his head and continues to have shoulder pain and headaches. Plaintiff alleges that the defendants from SFCJ paid other inmates in cigarettes to hurt him, that they put him in a "rubber room" for two days without water and toilet use, that they forced him to confess to crimes he did not commit, and that he was refused his medication and, as a result, had seizures.

Plaintiff further claims that defendant Williams, his first public defender, failed to do anything about the treatment he received from the St. Francois County officials, telling plaintiff not to "make waves." Plaintiff asserts that defendant Williams failed to protect him or render him effective assistance of counsel during his alleged representation of plaintiff between November 2002 and November 2003.

Plaintiff asserts that defendant Chastain, his second assigned public defender, who he received in November of 2003, lied to him and also rendered him ineffective assistance of counsel. Plaintiff makes similar allegations against his post-conviction assigned attorney, defendant Thompson, as well as the Division Directors of the Missouri Department of Public Defenders, Barbara Hoppe and Marty Robinson. These

allegations arose, according to plaintiff when he filed his appellate proceedings in state court in 2004.

Plaintiff seeks monetary relief for the alleged violations of his constitutional rights.

### Discussion

"Although the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint under 28 U.S.C. § 1915[] when it is apparent the statute of limitations has run." Myers v. Vogal, 960 F.2d 750, 751 (8th Cir. 1992). Section 1983 claims are analogous to personal injury claims and are subject to Missouri's five-year statute of limitations. Sulik v. Taney County, Mo., 393 F.3d 765, 766-67 (8th Cir. 2005); Mo. Rev. Stat. § 516.120(4). All of the allegations plaintiff complains of in his complaint arose prior to the last five years. As such his claims are barred by the statute of limitations and are subject to dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $23.37 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it:

(1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint fails to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 4] is **DENIED AS MOOT**.

An Order of Dismissal will accompany this Memorandum and Order.

So Ordered this 28th day of January, 2013.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE